IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROCKY JAY ROBERT REYNOLDS, ) | |
|     Plaintiff, ) | Civil Case No. 7:19-cv-00485 |
| v. ) | |
| ) | **MEMORADNUM OPINION** |
| TYLER PATRICK ADAMS/ ) | |
| GREG BAKER FIRM ) | By: Norman K. Moon |
|     Defendants. ) | Senior United States District Judge |

Plaintiff Rocky Jay Roberts Reynolds, an inmate proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. Reynolds has sought leave to proceed *in forma pauperis*. Upon review of the complaint pursuant to 28 U.S.C. § 1915(e)(2), I conclude that it fails to state a claim under federal law and instead asserts a frivolous claim. To the extent the complaint adequately alleges any state-law claims, I will decline to exercise supplemental jurisdiction over those claims.

In his brief complaint, Reynolds asserts claims under 42 U.S.C. § 1983 against the attorney who is representing Reynolds in a criminal action and against that attorney's law firm. Reynolds's allegations stem from his disagreements with counsel over continuances and counsel's request to the court to send Reynolds for a mental evaluation. Reynolds also accuses his attorney of lying to the judge, lying to him, and "maybe shar[ing] info," presumably with the prosecutor. (Dkt. No. 1 at 2.)

"To state a claim under § 1983[,] a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (internal quotation marks omitted). As the Fourth Circuit has explained,

> [t]o implicate 42 U.S.C. § 1983, conduct must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937, 102

> S. Ct. 2744, 73 L.Ed.2d 482 (1982); *see also Rendell–Baker v. Kohn,* 457 U.S. 830, 838, 102 S. Ct. 2764, 73 L.Ed.2d 418 (1982) (observing that § 1983's "under color" of law requirement is equivalent to the "state action" requirement of the Fourteenth Amendment (citing *United States v. Price,* 383 U.S. 787, 794 n.7, 86 S. Ct. 1152, 16 L.Ed.2d 267 (1966))). The person charged must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions. *See, e.g., Edmonson v. Leesville Concrete Co.,* 500 U.S. 614, 620, 111 S. Ct. 2077, 114 L.Ed.2d 660 (1991) ("Although the conduct of private parties lies beyond the Constitution's scope in most instances, governmental authority may dominate an activity to such an extent that its participants must be deemed to act with the authority of the government and, as a result, be subject to constitutional constraints")[.]

*DeBauche v. Trani*, 191 F.3d 499, 506 (4th Cir. 1999); *see also Cox v. Duke Energy Inc.*, 876 F.3d 625, 632 (4th Cir. 2017) (relying on *DeBauche* and summarizing same principles).

In his complaint, Reynolds names only private parties as defendants, and he offers no facts to suggest that the state has dominated the conduct of his attorney or his attorney's law firm so as to convert defendants' actions into state action. Put differently, his complaint offers no facts to suggest that the defendants have acted "under color of state law." Moreover, the Supreme Court has been clear that the representation of a criminal defendant is not an act taken under color of state law, even where the attorney is a public defender. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.").

Thus, Reynolds's claim under § 1983 is frivolous and must be dismissed with prejudice. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (explaining that a claim is frivolous if it is based upon "an indisputably meritless legal theory," alleges "infringement of a legal interest which clearly does not exist," or its "factual contentions are clearly baseless"). My conclusion

that the claim against defendants is frivolous is confirmed by the reasoning in *Debauche* itself, in which the Fourth Circuit affirmed an award of fees after concluding that the underlying § 1983 claim against a private actor was frivolous. The *Debauche* court explained that both the Supreme Court and the Fourth Circuit "'have been very clear' that the Constitution does not apply to purely private actors such as the defendant, and therefore it was well-settled that a § 1983 claim against the defendant was legally groundless." *Unus v. Kane*, 565 F.3d 103, 130 (4th Cir. 2009) (quoting *Debauche*, 191 F.3d at 510)). The same is true here.

To the extent that Reynolds may have some claim against the defendants under state law, the court declines to exercise supplemental jurisdiction over such state-law claims and will dismiss them without prejudice, pursuant to 28 U.S.C. § 1367(c).

An appropriate order will be entered.

**ENTER**: This 27th day of February, 2020.

*/s/ Norman K. Moon*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE